UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | NOT FOR PUBLICATION |
|  | Chapter 13 |
| Eric Gordon Jensen, | Case No. 09-14830 (MG) |
| Debtor. |  |

# OPINION AND ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM # 4

*A P P E A R A N C E S:*

MAYNE MILLER, ESQ.
*Attorney for Debtor*
21-55 45th Road
Long Island City, NY
P.O. Box 8050 G.P.O.
New York, NY  10116
By:    Mayne Miller, Esq.

JEFFREY L. SAPIR
*Chapter 13 Trustee*
399 Knollwood Road
Suite 102
White Plains, NY 10603
By:    Jody S. Kava, Esq.

**MARTIN GLENN**
**United States Bankruptcy Judge**

On December 11, 2009, Eric Gordon Jensen ("Debtor") filed an objection to

Proof of Claim # 4 (the "Claim"), filed by Vativ Recovery Solutions, LLC ("Vativ"), as

agent for Palisades Collections, LLC ("Palisades"), in the amount of $11,459.58.  Debtor

argues that the Claim is not valid because (1) he has no business relationship with Vativ;

1

(2) the documentation attached to the Claim is insufficient under Federal Rule of Bankruptcy Procedure 3001(c); (3) the assignment from the original creditor, Chase Overdraft Protection, to Palisades is invalid for lack of consideration; (4) the Debtor has a cause of action against an alleged *alter ego* of the original creditor; and (5) the Claim does not "substantially conform" to the official form for filing proofs of claim in bankruptcy cases. Palisades amended its Claim on January 7, 2010, attaching additional documentation. For the following reasons, Debtor's objection is overruled.

Debtor argues that the Claim is not valid because there is no evidence that Vativ is Palisades's agent. Debtor is incorrect. The agent of a creditor may file a proof of claim. FED. R. BANKR. P. 3001(b). "The proof of claim form itself does not require evidence of agency authority." 9 COLLIER ON BANKRUPTCY ¶ 3001.06 (15th ed. rev. 2007). A debtor challenging the authority of an agent to make a claim must come forward with some evidence attacking the agent-principal relationship. *Id.* Debtor has not presented any such evidence. Thus, Debtor's objection must be overruled on this ground.

Debtor also maintains that the Claim is not valid because Palisades has not attached documentation required by Federal Rule of Bankruptcy Procedure 3001(c). Palisades's initial Claim included: (1) a summary document titled "SMC Bankruptcy" that lists the Debtor's name, bankruptcy case number, Chase Overdraft Protection as the original creditor, and $11,459.58 as the total debt due, (2) an account statement from Chase Overdraft Protection, addressed to Debtor, for the period from November 10, 2006 through December 9, 2006, showing a balance of $11,459.58 on an overdraft protection line of credit, and (3) a signed copy of an agreement dated June 10, 2009 assigning the

2

debt to Palisades. Palisades's amended Claim attaches an additional fifteen itemized account statements from Chase Overdraft Protection covering time periods starting July 12, 2005 through December 9, 2005, and January 10, 2006 through December 9, 2006. The final account statement is for the same amount—$11,459.58—as a debt listed as disputed in the Debtor's amended and original Schedule F, showing Palisades Collection LLC as the creditor as "assignee of overdraft protection."[1] (*See* ECF # 8, 19.) Debtor did not list Chase Overdraft Protection as a creditor in his Schedules, and Chase Overdraft Protection has not filed a Claim in this case.

Federal Rule of Bankruptcy Procedure 3001(c) requires a creditor asserting a claim based on a writing to attach the original or a duplicate of the writing to its proof of claim. FED. R. BANKR. P. 3001(c). The Court finds that the documentation attached to Claim # 4 is sufficient to support the validity of Palisades's Claim. *See In re Cluff,* 313 B.R. 323, 335 (Bankr. D. Utah 2004) (concluding that a creditor may attach a summary of documents demonstrating the debt, so long as the summary includes the amount of debt, the name and account number of the debtor, a breakdown of the interest and fees if the claim includes those elements, and be in the form of a business record or equally reliable format); *see also In re Kincaid*, 388 B.R. 610, 615-16 (Bankr. E.D. Pa. 2008) (concluding that a "Bill of Sale . . . supported by the schedule that evidenced the inclusion of claims against the debtor," along with some documentation evidencing that the claimant has the right to assert a claim, is sufficient).

---

[1] The original and amended Schedules E and F, filed by Debtor's counsel, list *every* unsecured priority claim (2 tax claims totaling $19,603) and unsecured nonpriority claim (19 claims totaling in excess of $156,000) as disputed. It appears to the Court that Schedules E and F, listing all claims as disputed, have not been filed in good faith. Additionally, the claims objections filed by Debtor's counsel appear to border on being frivolous. *Debtor's counsel is warned that if he persists in what appears to be bad faith conduct, the Court will hold a hearing to determine whether sanctions should be imposed against counsel.*

Palisades has also demonstrated that it is the assignee of Chase Overdraft Protection by attaching "a signed copy of the assignment and sufficient information to identify the original credit card account." *In re Hughes,* 313 B.R. 205, 212 (Bankr. E.D. Mich. 2004). This document also establishes the *prima facie* validity of Palisades's Claim as an assignee of Chase Overdraft Protection. *In re Leverett*, 378 B.R. 793, 801 (Bankr. E.D. Tex. 2007) (concluding that an assignee establishes validity of its claim where the amount asserted is approximately the same as the amount set forth in the schedules, the original creditor did not file a proof of claim, and an entity claiming to be an assignee of the original credit card creditor has signed and filed a proof of claim under penalty of perjury which is clearly based on the original creditor's claim).

To the extent Debtor objects to the Claim because the assignment is invalid for lack of consideration, the Court also overrules the objection. The Bill of Sale attached to the initial Claim states that the seller received "value" for the receivable. While the presence of consideration is necessary for contract formation, "[d]iscerning the existence, rather than the adequacy, of consideration is the court's primary task. As the New York Court of Appeals observed, [a]bsent fraud or unconscionability, the adequacy of consideration is not a proper subject for judicial scrutiny." *In re 37-02 Plaza LLC*, 387 B.R. 413, 418 (Bankr. E.D.N.Y. 2008) (citations and internal quotation marks omitted) (applying New York law); s*ee also In re Relford*, 323 B.R. 669, 680-81 (Bankr. S.D. Ind. 2004) ("If a claim has been transferred prior to the filing of a proof of claim, there is no need to state the consideration for the transfer or other evidence of the transfer.") (quoting Advisory Committee Note to the 1991 Amendment to Rule 3001(e)).

Debtor's fourth argument—that the original creditor is an *alter ego* of Chase Home Finance—is also without merit. Debtor states that he has a cause of action against Chase Home Finance for the difference between the sale price of his home at a foreclosure sale and the actual price of his home. Because the original creditor with respect to Claim # 4, Chase Overdraft Protection, is alleged to be an *alter ego* of Chase Home Finance, Debtor argues the Claim merely acts as a setoff against any eventual recovery he will receive from Chase Home Finance. (*See* Debtor's Objection to Proof of Claim # 4, ¶¶ 15-20 (ECF # 24).) There are multiple problems with this argument. As an initial matter, the legal argument supporting Debtor's objection on this point appears to have been cut-and-pasted from his Objection to Claim # 5. Debtor refers to the "alleged original Creditor" as "Chase Manhattan Bank, N.A.," even though the Claim alleges that the original creditor is "Chase Overdraft Protection" and the attached account statements are from "Chase Overdraft Protection Line of Credit." Furthermore, Debtor specifically claims that any recovery against Chase Home Finance "could be asserted as a setoff against the B-Line of P/C 5," not as a setoff against Claim # 4, the subject of this objection. (*See Id.* at ¶ 20.) Moreover, Debtor has not established that a potential right of setoff is sufficient to shift the burden of persuasion to the claimant, let alone warrant disallowing the Claim. A properly filed proof of claim is *prima facie* evidence of the validity and the amount of the claim. The party objecting to the claim has the burden of introducing evidence sufficient to rebut the presumption of validity. *In re Cluff*, 313 B.R. at 337. Debtor must marshal evidence sufficient to demonstrate a true dispute with probative force equal to the contents of the Claim. *In re Wells*, 51 B.R. 563, 566 (D. Colo. 1985). Debtor has not produced any evidence that the Debtor has a claim against

5

Chase Home Finance, or that Chase Home Finance is an *alter ego* of another subsidiary of JPMorgan Chase. Debtor has not established any of this as a ground to disallow Claim # 4.

Debtor's fifth and final grounds for objection is that the Claim does not "substantially conform" to the Official Form for filing proofs of claim in a bankruptcy case. Aside from summarizing the rules for disallowing a claim when it does not conform to the Official Form, Debtor does not state how Claim # 4 fails to comply with the applicable rules. (*See* Debtor's Objection to Proof of Claim # 4, ¶ 21.) Moreover, the Claim includes the information required by the Official Form. The Court will not disallow this otherwise valid claim based on Debtor's unsupported allegation.

For the foregoing reasons, the objection to Claim # 4 is **OVERRULED.**

**IT IS SO ORDERED.**

DATED:    February 3, 2010
          New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                                United States Bankruptcy Judge