UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────   NOT FOR PUBLICATION
                                         )
In re:                                   )   Chapter 13
                                         )
         Eric Gordon Jensen,             )   Case No. 09-14830 (MG)
                                         )
                                         )
                           Debtor.       )
                                         )
─────────────────────────────────────────)

**OPINION AND ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM #3**

*A P P E A R A N C E S:*

MAYNE MILLER, ESQ.
*Attorney for Debtor*
21-55 45th Road
Long Island City, NY
P.O. Box 8050 G.P.O.
New York, NY  10116
By:    Mayne Miller, Esq.

ROE TAROFF TAITZ & PORTMAN, LLP
*Attorneys for Creditor TD Bank*
31 Oak Stree
P.O. Box 352
Patchogue, NY  11772-0352
By:    Steven Taitz, Esq.

JEFFREY L. SAPIR
*Chapter 13 Trustee*
399 Knollwood Road
Suite 102
White Plains, NY 10603
By:    Jody S. Kava, Esq.

1

**MARTIN GLENN**
**United States Bankruptcy Judge**

Eric Gordon Jensen ("Debtor") objects to Proof of Claim # 3 (the "Claim"), filed by TD Bank, N.A., ("TD Bank"), for $18,414.36.  Debtor filed an objection, asking the Court to disallow the Claim on December 11, 2009.  (ECF # 27.)  TD Bank responded on January 8, 2010.  (ECF # 31.)  Debtor replied on January 13, 2010.  (ECF # 35.)  TD Bank amended its Claim on January 6, 2010.

Debtor's objection papers are not clear.  Charitably reading the pleadings, Debtor appears to make four arguments why the Claim must be disallowed:  (1) the Claim does not attach required documents; (2) the Claim misrepresents an unsecured debt as secured; (3) the Debtor has a cause of action against TD Bank; and (4) TD Bank brought a case against the Debtor in New York Civil Court, which was dismissed for failure to appear.  The Court overrules the Debtor's objection on each of these theories.

The Debtor argues that the Claim is flawed because a mortgage  (the "Mortgage"), executed between the Debtor and Commerce Bank, N.A. ("Commerce"), an entity acquired by TD Bank in 2008, was initially attached to the Claim.  The Mortgage references a "Credit Agreement" for $20,000 signed by the Debtor and Commerce on January 11, 2006 and grants Commerce a security interest in a property located at 783 Route 28, Warrensburg, NY 12885 (the "Property").  Debtor argues that the Claim is not effective because a credit agreement (the "Credit Agreement") was not attached and because the Property is not adequately defined.  Debtor further argues that because TD Bank held a second lien on the property and the entity that held the initial lien, Chase Home Finance, LLC foreclosed on the property, the Mortgage is not binding.

2

Debtor's position is flawed. TD Bank amended its Claim to attach the Credit Agreement referenced in the Mortgage and changed the Claim's status from secured to unsecured. The Credit Agreement, formally titled "Home Equity Line of Credit Agreement & Disclosure Statement," is dated January 11, 2006 and is between Commerce and the Debtor. The Credit Agreement grants the Debtor a credit limit of $20,000. The Credit Agreement and the Mortgage are clearly interrelated documents. The Credit Agreement establishes the approximate amount of the Claim, $20,000, and the Mortgage indicates that it was once secured. The foreclosure, however, changed TD Bank's Claim from a secured claim to an unsecured claim. *See In re Praleikas*, 248 B.R. 140, 143 (Bankr. W.D. Mo. 2000) ("Because of the first mortgage holder's foreclosure, the $12,000.00 second mortgage debt is now unsecured."). Thus, the Claim in its amended form is accurate and includes sufficient documentation. Debtor's objection on this theory is overruled.[1]

Debtor next argues that the Claim is somehow invalid because TD Bank initially listed the Claim as secured. As indicated above, because the first lien holder foreclosed on the Property, wiping out the junior lien but not the debt, the Claim is now unsecured. In its response to the objection, TD Bank states that a clerical error resulted in the incorrect categorization of the Claim. TD Bank amended its Claim to properly note that the debt is unsecured. Debtor appears to ask the Court to disallow the Claim because the initial incorrect filing was a "fraud upon the Court." (Debtor's Objection to Proof of

---

[1] To the extent the Debtor maintains in his reply papers that TD Bank's amended claim is actually a new claim, and thus not timely filed, the Court does not reach this argument. "[N]ew arguments may not be made in a reply brief . . . ." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) (citation omitted). The Court, however, is extremely skeptical of the Debtor's position. The Mortgage records that Commerce had a security interest in the Property, securing the loan it made under the Credit Agreement. After the foreclosure, Commerce no longer had a security interest protecting its loan. The Credit Agreement, however, persisted. What started out as a secured loan ended up as unsecured loan based on exactly the same Credit Agreement.

3

Claim No. 3 ¶ 21.)  Debtor does not explain, however, any legal basis for this Court to disallow a claim containing a clerical mistake.  This is particularly important where TD Bank remedied the mistake soon after receiving notice of its error.

Even assuming this Court could disallow the Claim as a sanction for the purported "fraud upon the Court," it declines to do so.  TD Bank amended the Claim, correcting its mistake soon after learning of its error.  The Court will not sanction TD Bank for these acts where there are no indicia of bad faith.  *See Wilder v. GL Bus Lanes*, 258 F.3d 126, 130 (2d Cir. 2001) (observing that sanctions are appropriate under courts inherent power "where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the litigation").  TD Bank's quick amendment to the Claim clearly demonstrates its good faith when filing the initial Claim.

Debtor next argues that the Claim should be disallowed because Debtor may have causes of action against TD Bank for its purported role in the allegedly improper foreclosure of the Property or for its actions in this Court.  Debtor, however, offers no legal support for his position that a claim should be disallowed because of a possible adversary proceeding the Debtor may assert against the claimant.  Presumably, the Debtor's legal theory is that the Claim should be disallowed pursuant to 11 U.S.C. § 502(d) due to the possible right of setoff a successful case against TD Bank may give to the Debtor.  Merely having a possible judgment, however, is not sufficient to disallow a claim under section 502(d).  *In re Lids Corp.*, 260 B.R. 680, 684 (Bankr. D. Del. 2001) ("To disallow a claim under section 502(d) requires a judicial determination that a claimant is liable.").  Thus, the Court overrules the Debtor's objection on this theory.

4

Lastly, the Debtor maintains that the claim should be disallowed because TD Bank previously brought suit against the Debtor in New York County Civil Court to recover on the same loan instrument at issue in the Claim. TD Bank's cause of action in that case was allegedly based upon the "Home Equity Line of Credit Agreement & Disclosure Statement" or the Credit Agreement referenced in the Mortgage. TD Bank's case, however, was dismissed for failure to appear.

The Debtor argues in his initial objection that this is a sufficient ground to deny the Claim because "in most circumstances a second dismissal for failure timely to prosecute is considered to be on the merits." (Debtor's Objection to Proof of Claim No. 3 ¶ 21.) According to the Debtor, TD Bank's first failure to timely prosecute occurred when it abandoned a foreclosure action on the Property in Warren County. According to the Debtor, this case was brought pursuant to the Credit Agreement and Mortgage. The second failure to timely prosecute allegedly occurred when TD Bank failed to appear in New York County Civil Court.

The Debtor changed his legal theory in his reply, abandoning the multiple dismissals for failure to timely prosecute theory. The Debtor now apparently maintains that the New York Civil Court's dismissal of the TD Bank's case has *res judicata* effect. (Debtor's Reply to Opposition on Proof of Claim No. 3 ¶ 13.) The Debtor's second argument, however, is not properly before the Court since it was raised for the first time in the reply papers. *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999) ("[N]ew arguments may not be made in a reply brief . . . ."). *See also supra* n.1. Assuming, *arguendo*, that both arguments are properly before the Court, they fail.

5

Debtor's initial argument that "a second dismissal for failure timely to prosecute" should be given preclusive effect lacks merit. The Debtor fails to marshal any legal support for his position. Under New York law, the general rule is that dismissals that are not on the merits do not have preclusive effect. *See, e.g.*, *Espinoza v. Concordia Int'l Forwarding Corp.*, 32 A.D.3d 326, 328, 820 N.Y.S.2d 259 (N.Y. App. Div. 1st Dep't 2006) ("A prior order that does not indicate an intention to dismiss the action on the merits is not a basis for the application of the doctrine of *res judicata*."); *Sclafani v. Story Book Homes, Inc.*, 294 A.D.2d 559, 559–60, 743 N.Y.S.2d 283 (N.Y. App. Div. 2nd Dep't 2002) ("Where a dismissal does not involve a determination on the merits, the doctrine of *res judicata* does not apply."). Nothing in the Debtors papers indicates that the prior dismissals were on the merits. Thus, the Court overrules the Debtor's objection on this theory.

Debtor's second argument—that the dismissal of the TD Bank's case in New York County Civil Court has *res judicata* effect—also lacks merit. Debtor is correct that under New York law a default judgment is entitled to *res judicata* effect. DAVID D. SIEGEL, NEW YORK PRACTICE § 451 (4th ed. 2010) ("A judgment by default or on consent must be given claim preclusion effect, precluding new suit on the same claim.") (footnote omitted). But the New York County Civil Court's dismissal was not a default judgment. A copy of the dismissal, attached to the Debtor's reply papers, clearly states that the action was dismissed "for failure of the Plaintiff to appear and answer today's calendar call . . . ." This appears to be a dismissal pursuant to section 202.27 of New York's Civil Rules for the Supreme and County Court, which permits New York State courts to dismiss cases for a plaintiff's failure to appear. 22 NYCRR § 202.27(b). New York

6

Courts do not give dismissals under section 202.27 of New York's Civil Rules for the Supreme and County Court *res judicata* effect. *Espinoza*, 32 A.D.3d at 327–28 (refusing to give *res judicata* effect to dismissal under section 202.27 as it was not a dismissal on the merits).

For the foregoing reasons, the objection to Claim # 3 is **OVERRULED.**

**IT IS SO ORDERED.**

DATED:   February 3, 2010
         New York, New York

                                    _____/s/Martin Glenn_____
                                         MARTIN GLENN
                                    United States Bankruptcy Judge